**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TODD M. FUGGI, etc.,**

        **Plaintiff,**

**-vs-**                                 **Case No. 6:04-cv-1714-Orl-22KRS**

**STEADFAST INSURANCE CO., and**
**ALEXANDER & ALEXANDER, INC.,**
**n/k/a AON RISK SERVICES, INC. OF**
**GEORGIA,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** AON RISK SERVICES, INC. OF GEORGIA'S MOTION TO STRIKE PLAINTIFF'S EXPERTS (Doc. No. 39)
>
> **FILED:** February 2, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On February 11, 2005, the Court entered a Case Management and Scheduling Order (CMSO) in this matter. Doc. No. 32. Pursuant to the CMSO, the deadline for Plaintiff Todd M. Fuggi to tender his expert reports was January 2, 2006. *Id*. at 1.

On January 3, 2006, Fuggi served the defendants, Steadfast Insurance Co. (Steadfast) and Alexander & Alexander, Inc. (AON), with a document entitled "Plaintiff's Disclosure of Experts". Doc. No. 39, ex. A. Fuggi indicated that he would rely on the testimony of Michael Maher, Esq. and

Thomas Francisco as expert witnesses in this matter.  Fuggi did not provide written reports for his expert witnesses.[1]  Rather, in a letter dated January 31, 2006, counsel for Fuggi stated that "[i]t is not necessary at this point to provide actual reports."  Doc. No. 39, ex. B.

On February 2, 2006, AON filed the present motion.  In sum, AON requests the Court to enter an "Order striking Plaintiff's experts and their reports for his failure to comply with the scheduling order and the Federal Rules of Civil Procedure . . . ."  Doc. No. 39 at 5.  AON also seeks an award of expenses, including attorneys' fees, incurred in filing the motion.  *Id*.  Fuggi has not responded to AON's motion to strike.  Hence, I will treat it as unopposed.

The CMSO in this case provides, in relevant part, as follows:

> On or before the date set forth . . . for the disclosure of expert reports, the party shall fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

Doc. No. 32 at 3.

Rule 26(a)(2)(B) provides as follows:

> Except as otherwise stipulated or directed by the court, [the] disclosure [of a witness] . . . who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, [shall] *be accompanied by a written report prepared and signed by the witness.*  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the

---

[1] Counsel for Fuggi stated that "[a] written report detailing Mr. Francisco's claims [would] be forthcoming."  Doc. No. 39, ex. A.

> study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

Rule 37(c)(1) further provides that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fuggi has offered no justification for his failure to tender written reports for his expert witnesses.

Accordingly, it is **ORDERED** that Fuggi may not cite or rely upon the expert opinions of Michael Maher, Esq. and Thomas Francisco at a hearing, during trial, or in support of any motion or response submitted in this matter. It is further **ORDERED** that Fuggi shall tender the sum of $250.00 to counsel for AON on or before March 10, 2006, to reimburse AON, in part, for the expenses, including attorneys' fees, that it incurred in filing this motion.

**DONE** and **ORDERED** in Orlando, Florida on February 24, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties