# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TODD M. FUGGI, etc.,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:04-cv-1714-Orl-22KRS**

**STEADFAST INSURANCE CO., and
ALEXANDER & ALEXANDER, INC.,
n/k/a AON RISK SERVICES, INC. OF
GEORGIA,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** ALEXANDER & ALEXANDER N/K/A AON RISK SERVICES, INC. OF GEORGIA'S MOTION TO COMPEL (Doc. No. 55)
>
> **FILED:** March 29, 2006

Defendant Alexander & Alexander n/k/a AON Risk Services, Inc. of Georgia (AON) took the deposition of the records custodian for Allen & Vasquez, P.A., n/k/a Allen & Murphy, P.A., a law firm that is not a party to this case. J. Scott Murphy, an attorney with Allen & Murphy, P.A., represents Plaintiff Todd M. Fuggi in this case.

The notice of deposition required the records custodian to produce various documents at the deposition. Doc. No. 55-2. During the deposition, Mr. Murphy, acting as counsel for Allen &

Murphy, P.A., indicated that various responsive documents were being withheld as privileged. AON now seeks to compel Allen & Murphy, P.A., to produce the withheld documents.

Because Allen & Murphy, P.A., has the burden of presenting proof supporting its claim of privilege, it is **ORDERED** that Allen & Murphy, P.A., shall file and serve with its response to the motion a privilege log describing the withheld documents, and portions thereof. The privilege log must identify each document, or portion thereof, withheld pursuant to a claim of privilege or protection by date, author, recipients (including recipients of copies), specific privilege or protection claimed and shall describe the subject matter of each document in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); Fed. R. Civ. P. 45(d)(2); *Golden Trade, S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 146 (2d Cir.1987)).

It is further **ORDERED** that Allen & Murphy, P.A., shall file and serve with its response to the instant motion an appendix containing each "affidavit[ ], deposition testimony, other sworn statements, or other evidence" upon which they rely to support each element of each asserted privilege or protection in dispute. *See CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *5 (M.D. Fla. July 20, 1995). This appendix shall be organized so that the evidence submitted in support of the privilege or protection asserted is specifically correlated with the document to which the evidence applies.

No party may submit documents for the Court's *in camera* review, unless the Court issues a subsequent order requesting such submissions. *See id.* (court not required to undertake *in camera*

review of documents when proponent of work product doctrine has failed to meet its burden of presenting sufficient evidentiary support for application of the protection.).

**DONE** and **ORDERED** in Orlando, Florida on April 5, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties