**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TODD M. FUGGI, etc.,

        Plaintiff,

-vs-                                                  Case No. 6:04-cv-1714-Orl-22KRS

STEADFAST INSURANCE CO., and
ALEXANDER & ALEXANDER, INC., n/k/a
AON RISK SERVICES, INC. OF GEORGIA,

        Defendants.
_____

**ORDER AND NOTICE OF HEARING**

**TAKE NOTICE** that an evidentiary hearing and *in camera* review of documents will be held concerning Alexander & Alexander n/k/a AON Risk Services, Inc. of Georgia's Motion to Compel (doc. no. 55) before the undersigned on **TUESDAY**, **MAY 16, 2006** at **1:30 P.M.** in Courtroom #5, George C. Young U.S. Courthouse and Federal Building, 80 North Hughey Avenue, Orlando, Florida. Two hours have been reserved to complete this hearing.

Counsel for the party asserting the privilege has the burden of establishing each element of each privilege and protection asserted. At the hearing, the Court will consider the affidavit of W. Riley Allen, Esq., as evidence presented in support of the assertion of application of the work product doctrine and attorney-client privilege as indicated on the amended privilege log. However, this affidavit is insufficient to support each of the privileges and protections asserted. Among other things, this affidavit does not identify each person named in the amended privilege log and does not provide inclusive dates for the representation of Todd Fuggi by various attorneys. There also appears to be no privilege log or evidence relating to information redacted from documents produced in discovery. Counsel for the plaintiffs will be given the opportunity to present additional evidence at the hearing in support of the claimed privileges and protections, without prejudice to the defendant's argument

that these privileges and protections have been waived by failure to assert them timely. The evidence shall be in the form of testimony unless the parties agree in advance of the hearing to presentation of sworn statements in lieu of testimony.

It is **ORDERED** that counsel for the plaintiffs shall bring to the hearing all documents withheld from discovery based on the assertion of the attorney-client privilege or work-product protection and the unredacted copies of all documents produced in redacted form based on the assertion of this privilege or protection for review by the Court, if requested.

It is further **ORDERED** that no later than three (3) business days before the date of this hearing, the parties shall again confer by telephone or in person in a good faith effort to resolve the issues raised, and also to narrow the contested issues of fact and law that the Court must resolve. Counsel or parties who wish to present documents, other than the purportedly privileged and protected documents, to the Court in support of their argument shall provide a copy of each such document to opposing counsel at the good faith conference. To spare the Court unnecessary preparation, counsel who are successful in their efforts to resolve any such matters by agreement shall so advise the Court jointly as soon as possible, but no later than one (1) business day before the hearing.

**Witnesses and counsel who wish to present evidence or be heard must personally appear before the Court.**

**DONE** and **ORDERED** in Orlando, Florida on May 8, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party

**PLEASE NOTE**: **Photo I.D.** is required to enter the United States Courthouse. Also, **cellular telephones** and **laptop computers** are prohibited in the Courthouse unless otherwise allowed pursuant to order of the Court.