UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TODD M. FUGGI, etc.,**

**Plaintiff,**

**-vs-** **Case No. 6:04-cv-1714-Orl-22KRS**

**STEADFAST INSURANCE CO., and ALEXANDER & ALEXANDER, INC., n/k/a AON RISK SERVICES, INC. OF GEORGIA,**

**Defendants.**

---

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **ALEXANDER & ALEXANDER N/K/A AON RISK SERVICES, INC. OF GEORGIA'S MOTION TO COMPEL (Doc. No. 55)** |
| **FILED:** | **March 29, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant Alexander & Alexander, Inc. n/k/a AON Risk Services, Inc. of Georgia (AON) served certain subpoenas *duces tecum* on three nonparties: Allen & Vasquez, P.A. n/k/a Allen & Murphy, P.A. (Allen & Murphy), counsel for plaintiff in this case; and Bonnie Ramos and Cynthia Scherr, legal assistants employed by Allen & Murphy. AON now seeks to compel Todd Fuggi, the

plaintiff in this case, to produce documents withheld by the nonparties based on claims of attorney-client privilege and work product protection.

AON's motion is directed to the wrong person. The subpoenas *duces tecum* were not directed to Fuggi. AON has not established that it asked Fuggi to produce the documents at issue, whether through a request for production of documents under Federal Rule of Civil Procedure 34 or during a deposition.[1] It has not sought to compel the nonparties to produce the documents, or to hold them in contempt for failing to do so as provided for in Federal Rule of Civil Procedure 45(e).

The Court has the discretion to overlook this procedural impropriety and proceed to the merits of the issues presented if the procedural irregularity is not relevant to the decision. *See Hickman v. Taylor*, 329 U.S. 495, 505-06 (1947). However, in the present motion, the procedural irregularity is relevant. In *Hickman*, the motion to compel was directed to a nonparty attorney who had not been issued a subpoena or asked to produce documents at his deposition. The motion was premised upon interrogatories and requests for production served on a party, not on the nonparty attorney. The Court never reached the issue of whether it had the authority to compel the attorney to produce documents that were not described in discovery requests or a subpoena served on the nonparty attorney because it concluded that the documents at issue were protected work product. In the present case, however, AON is asking this Court to compel Fuggi to produce documents based on subpoenas that were not served upon him and with respect to which he had no obligation to comply. AON offers no law to

[1] Even if AON had requested Fuggi to produce the documents at issue, the present motion would be insufficient to compel Fuggi to produce the documents at issue as it does not cite to any discovery requests directed to Fuggi or quote the relevant requests and responses as required by Middle District of Florida Local Rule 3.04.

support the contention that this Court can require Fuggi to produce documents responsive to the nonparty subpoenas. *See* Middle District of Florida Local Rule 3.01(a).

Moreover, it is not appropriate to disregard the procedural irregularity in AON's motion in light of AON's arguments. In the motion, AON relied upon Rule 45 in support of its argument that each of the nonparties waived the right to claim privileges and protections by failing to make objections as permitted by Rule 45. Indeed, AON argued that "[d]ue to this blatant disregard of procedural rules, this Court should find that Plaintiffs have waived any claimed privileges or protections on withheld and redacted documents." Doc. No. 55 at 8. It would be unfair to permit AON to rely upon the provisions of Rule 45 in support of its motion while forgiving it from its disregard of the procedural rules that required that it direct the motion to the individuals and entity who were the recipients of the subpoenas at issue in the motion.

In sum, AON never served the subpoenas at issue on Fuggi. The Court simply cannot compel a party to engage in discovery when he has not been served with the appropriate requests.

The Clerk of Court is directed to file the documents submitted for *in camera* review under seal pending resolution of this case. When this case, and all appeals therefrom, are concluded, the Clerk of Court is directed to return the documents submitted for *in camera* review to Allen & Murphy, P.A.

**DONE** and **ORDERED** in Orlando, Florida on June 23, 2006.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties